

**FILED & ENTERED**

**MAY 17 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** gonzalez **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: Liberty Asset Management Corporation, Debtor | Case No.: 2:16-bk-13575-ER<br>Adv. No.: 2:16-ap-01141-ER |
| Liberty Asset Management Corporation,<br><br>Plaintiff<br><br>v.<br><br>East Heights LLC and Lucy Gao,<br><br>Defendants | **MEMORANDUM OF DECISION IMPOSING TERMINATING SANCTIONS AGAINST LUCY GAO**<br><br>Date:     May 16, 2017<br>Time:    11:00 a.m.<br>Location: Ctrm. 1568<br>Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

At the above-captioned date and time, the Court conducted a hearing on a motion filed by Liberty Asset Management Corporation ("Liberty") seeking discovery sanctions against Lucy Gao ("Ms. Gao").[1] For the reasons set forth below, the Court will strike Ms. Gao's answer and

---

[1] The Court reviewed the following papers in adjudicating this matter:
1) Plaintiff's Motion to Strike Defendants' Answers and Enter Default Judgment (the "Motion") [Adv. Doc. No. 42];
2) Opposition to Motion to Strike Answers of Defendants [Adv. Doc. No. 47];
3) Plaintiff's Reply in Support of its Motion to Strike Defendants' Answers and Enter Default Judgment [Adv. Doc. No. 49];
4) Joint Pretrial Stipulation [Adv. Doc. No. 46];

enter default judgment against Ms. Gao as a discovery sanction. As the judgment against Ms. Gao logically compels a corresponding judgment against East Heights LLC ("East Heights"), judgment against East Heights will be entered as well.

## I. Facts and Summary of Pleadings

On March 21, 2016, Liberty commenced a voluntary Chapter 11 bankruptcy petition. On March 22, 2016, Liberty filed a Complaint for (1) Declaratory Relief; and (2) Unjust Enrichment and Imposition of Constructive Trust (the "Complaint") against East Heights and Ms. Gao. The Official Committee of Unsecured Creditors (the "Committee") is prosecuting the Complaint on Liberty's behalf pursuant to a stipulation between Liberty and the Committee that was approved by the Court on August 10, 2016. Bankruptcy Doc. No. 177.[2]

The Complaint seeks to recover, on Liberty's behalf, real properties located at 3808 Hollins Ave., Claremont, CA 91711 (the "Hollins Property") and 1001 East Road, La Habra, CA 90631 (the "East Road Property") (collectively, the "Properties"). Title to the Properties is held by East Heights. Ms. Gao asserts an equity interest in East Heights. The Complaint alleges that East Heights acquired the Properties using funds contributed by Liberty, and that the Properties were acquired for the benefit of Liberty. The Complaint seeks (1) a declaration that Liberty is the sole equity interest holder in East Heights, and that Ms. Gao holds no equity interest in East Heights; and (2) a judgment that East Heights holds the Properties in constructive trust for the benefit of Liberty.

**Liberty's Motion to Strike the Answers of East Heights and Ms. Gao and Have Default Judgment Entered in its Favor**

Liberty moves to strike the answers of East Heights and Ms. Gao, and seeks entry of default judgment in its favor. Liberty makes the following arguments and representations in support of the Motion[3]:

Liberty served written discovery (consisting of interrogatories and requests for the production of documents) upon Ms. Gao on January 20, 2017. The production requests demanded documents evidencing any mortgage payments made by Ms. Gao with respect to the Properties. The interrogatories required Ms. Gao to identify the entity who paid the mortgage on the Properties and the amount of the mortgage payments.

Ms. Gao failed to respond by the February 22, 2017 due date. In a status report filed on March 9, 2017, Ms. Gao asserted that she would respond to the discovery by March 30. On March 22, 2017, Liberty sent an e-mail to Ms. Gao, demanding that she respond to the written discovery, and warning that Liberty would seek sanctions if it did not receive Ms. Gao's responses. On April 10, 2017, Ms. Gao retained counsel. After still having not received any

---

5) Findings of Fact and Conclusions of Law Regarding Motion by the Official Committee of Unsecured Creditors for Summary Adjudication of Defendants' Liability for Breach of Fiduciary Duties and Accounting [Doc. No. 57, Adv. No. 2:16-ap-01337-ER]; and
6) Transcript of Evidentiary Hearing Conducted on June 22, 2016 [Bankruptcy Doc. No. 152].

[2] Citations to the main bankruptcy case docket are denoted as "Bankruptcy Doc. No." Citations to the adversary proceeding docket are denoted as "Adv. Doc. No."

[3] Liberty initially argued that East Height's answer should be stricken based on the fact that East Heights was not represented by counsel. On May 4, 2017, East Heights retained counsel.

discovery responses, Liberty demanded discovery responses from Ms. Gao's counsel on April 13, 2017. As of May 9, 2017 (the date of the filing of Liberty's reply in support of the Motion), Liberty has still not received any discovery responses.

Pursuant to Civil Rule 37(d), the Court should strike Ms. Gao's answer and enter default judgment in favor of Liberty as a discovery sanction.

**Opposition of East Heights and Ms. Gao**
East Heights and Ms. Gao make the following arguments in Opposition to Liberty's Motion:
1) Liberty failed to comply with Civil Rule 37(c), which requires that it meet and confer prior to filing any motion in connection with a discovery dispute. Consequently, the relief sought in the Motion cannot be granted.
2) The terminating sanctions sought by Liberty are an unduly harsh penalty that is unwarranted under the circumstances. If the discovery at issue were essential to Liberty's case, it could have filed a motion to compel. Ms. Gao is not seeking any continuance and the parties have prepared a Joint Pretrial Stipulation, so there is no prejudice to Liberty as a result of Ms. Gao's failure to respond to the discovery.
3) The checks, bank records, and escrow statements sought through the discovery are many years old and are not within Ms. Gao's possession. Ms. Gao does not have the ability to produce these documents, which are not necessary to maintain Ms. Gao's defense. Ms. Gao and East Heights are prepared to go to trial without the benefit of these documents. Ms. Gao and East Heights do not oppose the exclusion of any documents which were not timely produced.

**Liberty's Reply in Support of the Motion**
Liberty makes the following arguments in Reply to Ms. Gao's Opposition:
1) Exclusion of evidence is insufficient where the requested discovery goes to the core of Ms. Gao's defenses—namely, did Ms. Gao purchase the Properties and pay the mortgages on the Properties?
2) Terminating sanctions are not overly harsh, in view of Ms. Gao's complete failure to respond to any written discovery. Ms. Gao's failure to respond substantially prejudices Liberty. In a related proceeding, the Court has found that Liberty's books and records are insufficient to permit a proper accounting for funds received and disbursed.

## II. Findings and Conclusions

Civil Rule 37(d)(1)(A)(ii) provides: "The court where the action is pending may, on motion, order sanctions if a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). The Court may order any of the following sanctions:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;

      (iv) staying further proceedings until the order is obeyed;
      (v) dismissing the action or proceeding in whole or in part;
      (vi) rendering a default judgment against the disobedient party.

Civil Rule 37(b)(2)(A)(i)–(vi).

To impose a sanction amounting to a dismissal of a claim, the Court is "required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith, and also to consider the availability of lesser sanctions." *R & R Sails*, 673 F.3d at 1247 (internal citations omitted). When imposing case-dispositive sanctions, the Court must also consider the following factors:

1) the public's interest in expeditious resolution of litigation;
2) the court's need to manage its docket;
3) the risk of prejudice to the party who has litigated diligently;
4) the public policy favoring the disposition of cases on their merits; and
5) the availability of less drastic sanctions.

*Moneymaker v. CoBEN (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994).

There are three sub-parts to the fifth factor, the availability of less drastic sanctions: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The application of these factors is not mechanical; instead, the factors provide the Court "with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the [Court] must follow." *Id.*

Pursuant to Civil Rule 37(d)(1)(B), a "motion for sanctions for failing to answer or respond [to discovery] must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."

Ms. Gao has failed to respond to Liberty's interrogatories and production requests. As the plain language of Rule 37(d) makes clear, sanctions for failure to respond to interrogatories and production requests may be imposed even absent a prior court order compelling discovery. Ms. Gao's only explanation for failing to comply with her discovery obligations is that she did not have the documents at issue, and that obtaining the documents would have been too much work. Ms. Gao's excuse is wholly inadequate. First, there is no reason why Ms. Gao could not have responded to Liberty's ten interrogatories. Responding to this limited set of interrogatories would not have been at all burdensome. Second, the Court does not agree that it would have been unreasonably difficult for Ms. Gao to obtain the documents required by the production requests. It is certainly with Ms. Gao's ability to obtain documents pertaining to the mortgage payments on properties in which Ms. Gao asserts an ownership interest.

Ms. Gao's inadequate explanation of her total failure to comply with her discovery obligations shows that the non-compliance was deliberate and in bad faith. *See Hilao v. Estate of Marcos*, 103 F.3d 762, 765 (9th Cir. 1996) (imposing Rule 37 sanctions because the fact that the non-compliant parties "made no attempt to explain or excuse their failure … suggests that the failure was deliberate"). The Court finds that striking Ms. Gao's answer and entering default judgment in favor of Liberty is an appropriate discovery sanction. "Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." *Connecticut Gen. Life Ins. Co.*, 482 F.3d at 1091 (internal citations omitted). The Court has found, in a related case, that Liberty's books and records are insufficient to permit an accounting of the funds it has received and disbursed.

*See* Findings of Fact and Conclusions of Law Regarding Motion by the Official Committee of Unsecured Creditors for Summary Adjudication of Defendants' Liability for Breach of Fiduciary Duties and Accounting [Doc. No. 57, Adv. No. 2:16-ap-01337-ER] at ¶¶23–24 ("All of [Liberty's] books and records have been turned over to Liberty's Chief Restructuring Officer. Eric Held, who is competent to testify as to such issues, has testified that the books and records that have been turned over to the Chief Restructuring Officer are incomplete and insufficient to permit a proper accounting for funds received and disbursed over the last four years.").[4] This forecloses one avenue for Liberty to prove that the Properties were held by East Heights in trust for Liberty's benefit. Ms. Gao's failure to respond to discovery pertaining to who made the mortgage payments and who received rental income from the Properties shuts down another mechanism for Liberty to prove its case. Thus, as a result of Ms. Gao's bad-faith non-compliance with her discovery obligations, Liberty does not have access to the true facts which are necessary to establish its case.

The hearing on the Motion further established that Ms. Gao's discovery non-compliance was willful and in bad-faith. Ms. Gao's counsel made clear that in order to defeat Liberty's claim to the Properties, Ms. Gao intends to rely upon the presumption under California law that the record title owner of property is the actual owner. Yet Ms. Gao's failure to respond to discovery makes it impossible for Liberty to gain access to any of the facts necessary to defeat presumptive title ownership. Ms. Gao did not respond to interrogatories asking her to (1) identify documents relating to payments toward the Hollins Property's mortgage during the last four years, (2) identify the person or entity that paid the Hollins Property's mortgage, (3) identify the mortgage lender for the East Road Property, (4) identify documents relating to payments toward the East Road Property's mortgage, and (5) identify the persons knowledgeable regarding rental income of the Properties. Ms. Gao did not produce documents (1) relating to her purchase of the Properties, (2) relating to any payments she may have made to purchase the Properties, (3) relating to any payments she may have made on the Hollins Property's mortgage, (4) relating to any payments she may have made on the East Road Property's mortgage, (5) and relating to the lease of the Properties.

The discovery propounded by Liberty goes to the heart of the issue of who is the beneficial owner of the Properties. The Court finds that Ms. Gao failed to respond to Liberty's discovery to gain a tactical advantage in the litigation. Ms. Gao's bad-faith strategy is to insist that Liberty bears the burden of disproving California's title presumption, but then refuse to respond to any of the discovery that would enable Liberty to disprove the title presumption. Ms. Gao's non-compliance is particularly egregious given that the discovery propounded upon her was the only avenue by which Liberty could gain access to the facts necessary to present its case.

The five *Eisen* factors support entry of terminating sanctions, as explained below:

---

[4] After an investigator hired by the Committee observed a document shredding truck at Liberty's offices, the Committee, which is prosecuting this action on Liberty's behalf, filed an emergency motion to force Liberty to turnover documents and information in its possession. *See* Bankruptcy Doc. No. 116. Unfortunately, by the time the Committee obtained an order granting its turnover motion, many of Liberty's documents had already been consigned to the shredder. *See* Transcript of Evidentiary Hearing Conducted on June 22, 2016 at 85–87 [Bankruptcy Doc. No. 152] (testimony of Samantha Galapin that Ms. Gao supervised the shredding of documents).

**1. Public's Interest in Expeditious Resolution of Litigation**
 This factor weighs in favor of sanctions if the party against whom sanctions are sought has engaged in unreasonable delay. *Eisen*, 41 F.3d at 1451. Here, Ms. Gao was required to respond to Liberty's discovery by February 22, 2017. After Ms. Gao failed to do so, Liberty demanded compliance on March 22, 2017. Ms. Gao promised to respond to the discovery by March 30, 2017, but did not fulfill this promise. On April 13, 2017, Liberty again demanded that Ms. Gao respond to discovery. Notwithstanding the fact that trial is scheduled to take place on May 30, 2017, Ms. Gao has still not responded to the discovery. Ms. Gao's failure to respond to discovery, notwithstanding multiple demands by Liberty, constitutes unreasonable delay, particularly in view of the impending trial date. This factor weighs in favor of imposing terminating sanctions, especially considering that Ms. Gao has proffered no non-frivolous excuse for the delay. *Eisen*, 31 F.3d at 1452 (finding that the delay was completely unexcused where the party failed to provide a reasonable explanation for the delay).

**2. The Court's Need to Manage its Docket**
 "This factor is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay." *Eisen*, 31 F.3d at 1452. Were the Court to issue an order compelling Ms. Gao to respond to discovery, it would be necessary to delay the trial. The Court's trial dates are carefully allocated to balance multiple pending adversary proceedings. Any continuances disrupt that allocation. This factor weighs in favor of imposing terminating sanctions.

**3. The Risk of Prejudice**
 This factor is typically considered when dismissal is considered as a sanction for the plaintiff's failure to prosecute, and does not straightforwardly apply to the present case, where it is the plaintiff, Liberty, who seeks sanctions based on the failure of the defendant, Ms. Gao, to comply with her discovery obligations. Relevant authority sets forth the principle that the party who has litigated diligently is prejudiced by delays caused by the delinquent party. *See, e.g.*, *Eisen*, 31 F.3d at 1452 (stating that the "law presumes injury from [the] unreasonable delay" that a defendant suffers as a result of plaintiff's failure to prosecute). The diligent party is not required to show actual prejudice unless the delinquent party offers an excuse for the delay "that is anything but frivolous." *Id.* at 1453.
 Here, the diligent party, the plaintiff Liberty, has been prejudiced by Ms. Gao's failure to respond to discovery. Liberty has demanded that Ms. Gao respond to discovery on multiple occasions, but no responses have been forthcoming. Ms. Gao has failed to offer a non-frivolous excuse for the non-compliance. Accordingly, the law presumes prejudice to Liberty.
 In addition, Liberty has demonstrated substantial actual prejudice. As discussed above, Ms. Gao's non-compliance has made it impossible for Liberty to obtain access to the facts necessary to prove its case. This factor weighs strongly in favor of imposing terminating sanctions.

**4. The Public Policy Favoring the Disposition of Cases on Their Merits**
 The policy of disposing of cases on the merits is weighed against the delay caused by the delinquent party and the extent to which the delinquent party's non-compliance has prejudiced the diligent party. *Eisen*, 31 F.3d at 1454. Parties have a responsibility "to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).

Here, Ms. Gao's failure to respond to discovery has prevented Liberty from having access to the facts necessary to establish its case. Permitting parties to obstruct access to critical underlying facts without consequence frustrates the disposition of cases on their merits. Therefore, in this particular case, the imposition of terminating sanctions furthers the policy in favor of disposition on the merits, by preventing parties from being rewarded for obstructionist behavior that thwarts access to the truth.

### 5. The Availability of Less Drastic Sanctions

Upon review of the history of this case, the Court is convinced that less drastic sanctions would not adequately remediate Ms. Gao's non-compliance. Ms. Gao received multiple demands from Liberty to respond to discovery. Yet even after the filing of the instant Motion, Ms. Gao has still failed to respond. Ms. Gao even goes so far as to accuse Liberty of causing delay by not previously filing a motion to compel discovery responses. The Court's finding that Ms. Gao deliberately refused to respond to discovery as a litigation tactic further bolsters the conclusion that less drastic sanctions would be ineffective. This factor weighs strongly in favor of imposing terminating sanctions.

There is no merit to Ms. Gao's argument that the Motion must be denied based on Liberty's alleged failure to meet and confer under Civil Rule 37(d)(1)(B) prior to filing the Motion. Liberty demanded that Ms. Gao respond to discovery on multiple occasions, and warned that it would seek sanctions if Ms. Gao failed to do so. Accordingly, Liberty has substantially complied with Civil Rule 37(d)(1)(B).

Liberty has not propounded discovery upon East Heights, the other defendant in this action. Default cannot be entered against East Heights based upon Ms. Gao's failure to respond to discovery propounded upon her. However, entry of judgment against Ms. Gao logically compels the entry of judgment against East Heights. The primary issues in this litigation are whether it is Ms. Gao or Liberty who is the sole equity interest holder in East Heights, and whether Ms. Gao holds an indirect ownership interest in the Properties to which East Heights holds title. A judgment against Ms. Gao that she holds no equity interest in East Heights, that she holds no ownership interest in the Properties, and that Liberty is the sole equity interest holder in East Heights necessarily requires a corresponding judgment that East Heights holds the Properties in constructive trust for the benefit of Liberty.

Based upon the foregoing, the Court will strike Ms. Gao's answer and enter default judgment against Ms. Gao as a discovery sanction. As the judgment against Ms. Gao logically compels a corresponding judgment against East Heights, judgment against East Heights will be entered as well.

Liberty shall submit a conforming judgment within seven days of the issuance of this Memorandum of Decision.

###

Date: May 17, 2017

*Ernest M. Robles*
Ernest M. Robles
United States Bankruptcy Judge